

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VICTOR CRAMER-WILLIAMS,

       Plaintiff,

      v.

JOHN DOE, Detective Niagara County Police;
JOHN DOE, Detective Niagara County Police
Department; JOHN DOE, Sheriff Niagara
County,

       Defendants.

_____

Case # 24-CV-6598-FPG
DECISION AND ORDER

*Pro se* Plaintiff Victor Cramer-Williams is confined at the Attica Correctional Facility.  He

filed a complaint requesting relief under 42 U.S.C. § 1983 and asserting that Niagara County

officials arrested and confined him for a crime he did not commit.  ECF No. 1.  Plaintiff paid the

filing fee.

Because Plaintiff is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C.

§ 1915A(a)-(b).  For the reasons that follow, the Court dismisses the complaint with leave to

amend.  Plaintiff's amended complaint is due **April 30, 2025**.

**DISCUSSION**

I.   **Legal Standards**

A.   **Review Under the IFP Statutes**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss

legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v.*

*Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  A court shall dismiss a complaint in a civil action in

which a prisoner seeks redress from a governmental entity, or an officer or employee of a

1

governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

## B.    Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, *respondeat superior* liability is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, at the screening stage, a plaintiff must plausibly allege "that each Government-official defendant, through the official's own individual actions[] . . . violated the Constitution." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

### C.    Pleading Standards

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient facts to support the claim. *See Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (concluding that district court properly dismissed *pro se* complaint under § 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*); *accord Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (setting forth same standard of review).

### D.    Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely . . . , that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks and citation omitted). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer &*

*Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

## II.    Allegations[1]

In August 2019, Plaintiff was wearing a GPS ankle monitor in connection with a drug court diversion program. ECF No. 1 at 2-3. On August 14, 2019, a warrant issued for Plaintiff's arrest on an unrelated rape charge. *Id.* at 2. Niagara County officials arrested Plaintiff and booked him into Niagara County Jail. *Id.* at 2-3. The victim lied to law enforcement about the rape. *Id.* Plaintiff did not commit the rape, and his GPS ankle monitor showed that he could not have committed the rape because at the time of the alleged rape the ankle monitor data showed that he was at home with his wife. *Id.*

Even though the District Attorney's Office received the GPS records in November 2019, Plaintiff remained incarcerated for an additional eight months before he was able to post bail. *Id.* at 3. During this time, the "court repeatedly attempted to convince the Plaintiff that he wouldn't have to plea to a sex offense, if they could get the Plaintiff to plea to a 'Burglary charge,' something the Plaintiff was not charged with." *Id.*

Even though Plaintiff had been compliant on his diversion program, the "arrest caused the Plaintiff to be violated" and "ultimately" the felony charge—that he was hoping to avoid by completing the diversion program—was restored and made part of his criminal record. *Id.*

Plaintiff's allegations indicate that he is attempting to assert a violation of the Fourth Amendment, i.e., a false arrest claim.

---

[1] The Court accepts Plaintiff's allegations as true for purposes of screening his complaint. Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

## III.    Analysis

Plaintiff's complaint is subject to dismissal on two grounds: (1) he has failed to state a claim because his allegations do not plausibly allege the "not otherwise privileged" element of a false arrest claim; and (2) his claim is barred by the statute of limitations.  Plaintiff asserts his claims against the defendants in individual and official capacity.  ECF No. 1 at 1.  Claims against the defendants in official capacity are subject to dismissal for the above reasons and also because Plaintiff does not allege that any infirmity in his arrest was due to a municipal policy or custom.

### A.    Failure to State a Claim

A plausibly alleged false arrest claim includes factual allegations that show: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (alteration in original).  An arrest is "otherwise privileged" when officers have probable cause to arrest.  In general, officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

An arrest made pursuant to a judicial warrant is presumed to be supported by probable cause. *Franks v. Delaware*, 438 U.S. 154, 164, 171 (1978).  The presumption of probable cause can be defeated by showing that the supporting warrant affidavits "on their face, fail to demonstrate probable cause," *Mara v. Rilling*, 921 F.3d 48, 73 (2d Cir. 2019), or that the "affiant knowingly and intentionally, or with reckless disregard for the truth," procured the warrant based on a false statement or material omission that "was necessary to the finding of probable cause," *Franks*, 438

U.S. at 155; *accord Washington v. Napolitano*, 29 F.4th 93, 105 (2d Cir. 2022). "[O]nce probable cause is established the police do not have to endeavor to negate it." *Carson v. Lewis*, 35 F. Supp. 2d 250, 261 (E.D.N.Y. 1999) (citing cases). Thus, officers executing a judicial warrant are entitled to rely on the warrant unless they were "involved in obtaining it by fraud or it was invalid on its face." *Johnson v. Dobry*, 660 F. App'x 69, 71 (2d Cir. 2016) (summary order).

Plaintiff contends that his arrest was not "otherwise privileged" because the rape victim lied to police and because his ankle monitor GPS data showed that he was not with the victim when she was raped. ECF No. 1 at 2-3. Standing alone, these allegations are not sufficient to rebut the presumption of probable cause that, here, arises from the existence of the arrest warrant. For instance, there are no allegations that any executing officer knowingly presented false information or omitted material information in obtaining the warrant.

It is also not alleged that information regarding the veracity of the victim or the existence of exculpatory GPS records was known to the law enforcement officers at the time the arrest warrant was obtained. In fact, the complaint suggests that the exculpatory GPS data did not surface until the District Attorney's Office received those records in November 2019, at least two months *after* the arrest. Consequently, Plaintiff has not set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and his false arrest claim is subject to dismissal for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

**B.    Statute of Limitations**

"New York's three year statute of limitations under N.Y. Civ. Prac. L. & R. 214(2) [("N.Y. C.P.L.R.")] governs § 1983 actions brought in federal district court in New York." *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). Federal law determines the date a claim

accrues. *See Wallace v. Kato,* 549 U.S. 384, 388 (2007). A § 1983 claim for false arrest "begins to run" at the time of the alleged constitutional violation, namely when the "claimant becomes detained pursuant to legal process." *Id.* at 397.

Federal courts apply the relevant State's rules for tolling the limitations period unless they are "inconsistent" with federal law. *Bd. of Regents of Univ. of State of New York v. Tomanio,* 446 U.S. 478, 486-87 (1980). New York has codified the circumstances under which a statute of limitations may be tolled. These include, *inter alia,* periods during which: (1) the commencement of an action has been stayed by court order or by statute, N.Y. C.P.L.R. § 204(a); (2) the defendant is outside New York when and after a claim accrues against him, N.Y. C.P.L.R. § 207; and (3) the plaintiff is disabled by infancy or insanity when and after his claim accrues, N.Y. C.P.L.R. § 208. *See Jewell,* 917 F.2d at 740 n.1.

Plaintiff alleges that he was arrested and booked into Niagara County Jail on August 14, 2019. ECF No. 1 at 3 ¶¶ 8-9. His false arrest claim therefore accrued on that date. Plaintiff filed his complaint on October 8, 2024,[2] more than five years after his arrest. *Id.* at 6. Because it appears that Plaintiff's claim is not timely, and there do not appear to be any grounds for tolling, dismissal of the complaint as time-barred is appropriate. *See Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir. 1995) (holding that a court may dismiss a complaint *sua sponte* as time-barred if that defense is clear from the face of the complaint).

---

[2] Plaintiff signed his complaint on October 8, 2024. The Court assumes that he gave it to prison officials for mailing on that date and accepts that date as the date of filing. *See generally Houston v. Lack,* 487 U.S. 266, 271-72 (1988) (describing the prisoner mailbox rule).

**D.      Official Capacity**

Plaintiff names the defendants in both their individual and official capacities.  ECF No. 1 at 1.  Niagara County is the real party in interest for official capacity claims asserted against defendants employed by Niagara County law enforcement agencies.[3]  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

A local government may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).  Municipalities are not subject to § 1983 liability solely on the doctrine of *respondeat superior*.  *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694.

To hold a municipality liable in a § 1983 action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks omitted).

Here, Plaintiff has not adequately alleged a denial of a constitutional right, nor has he set forth facts showing that a policy or custom of the municipality caused his arrest.  Accordingly, Plaintiff's official capacity claims are subject to dismissal.

## CONCLUSION

Plaintiff's complaint is dismissed with leave to amend.  For his false arrest claim to proceed to service, Plaintiff's amended complaint must plausibly allege each of the elements of his false arrest claim and demonstrate that the claim is timely.  His municipal liability claim may proceed

---

[3] Plaintiff names Doe Detectives from the "Niagara County Police Department."  ECF No. 1 a 1-2.  Whether the defendants are Town of Niagara or City of Niagara Falls police officers or Niagara County Sheriff's Deputies, the analysis is the same.

to service if Plaintiff (1) sufficiently alleges his false arrest claim and (2) sets forth facts showing

a policy or custom of the municipality caused his arrest.  If Plaintiff elects to amend his complaint,

the amended complaint should tell the Court what, if any, criminal charges were filed against him

as a result of his arrest and the current status of those charges.[4]  He must do so because *Heck v.*

*Humphrey* bars damages in § 1983 cases if a judgment in the prisoner's favor "would necessarily

imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994).

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's complaint is dismissed with leave to amend;

and it is further

ORDERED that Plaintiff's amended complaint is due **April 30, 2025**; and it is further

ORDERED that if Plaintiff fails to file an amended complaint by the deadline set by the

Court, the Clerk of Court shall close this case as dismissed pursuant to 28 U.S.C. § 1915A, without

further order; and it is further

ORDERED that if Plaintiff does not file an amended complaint, the Court hereby certifies

under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith,

and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United*

*States*, 369 U.S. 438, 444-45 (1962).  Further requests to proceed on appeal *in forma pauperis*

---

[4] Plaintiff appears to be alleging that he was arrested on a rape charge and that arrest and/or charge violated the terms of his diversion agreement.  Therefore, his diversion was terminated and the felony charge associated with the diversion was reinstated.  There is nothing in the complaint to indicate what happened with the rape charge.  The Department of Corrections and Community Supervision website indicates that Plaintiff is currently incarcerated for a manslaughter conviction. *See* https://nysdoccslookup.doccs.ny.gov/, last accessed Mar. 28, 2025.

9

should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in

accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure

5.2(d), Plaintiff must notify the Court in writing if his address changes. Failure to do so may result

in dismissal of the action with prejudice.

IT IS SO ORDERED.

Dated:        March 31, 2025
              Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York