UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

VICTOR CRAMER-WILLIAMS,

      Plaintiff,

    v.                           24-CV-6598-FPG
                                     DECISION & ORDER

JOHN DOE, Detective, Niagara County Police
Department; JOHN DOE, Detective, Niagara
County Police Department; JOHN DOE,
Sheriff, Niagara County,[1]

      Defendants.

_____

    *Pro se* Plaintiff Victor Cramer-Williams is confined at the Attica Correctional Facility. He filed a complaint requesting relief under 42 U.S.C. § 1983 and asserting that Niagara County officials arrested and confined him for a crime he did not commit. ECF No. 1. He paid the filing fee.

    Because Plaintiff is a prisoner, the Court screened his complaint pursuant to 28 U.S.C. § 1915A(a)-(b). ECF No. 9. In that order, the Court apprised Plaintiff that his false arrest claim could proceed to service if his amended complaint plausibly alleged each of the elements of that claim and demonstrated that the claim is timely and that his municipal liability claim could proceed to service if he (1) sufficiently alleges his false arrest claim and (2) sets forth facts showing a policy or custom of the municipality caused his arrest. *Id.* at 8-10. The order also directed Plaintiff to show that his false arrest claim is not barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Id.* The Court did not consider whether the complaint alleged a malicious prosecution claim.

_____

[1] Reproduced as appears in ECF No. 10 at 2-3.

Plaintiff filed an amended complaint with exhibits, ECF Nos. 10, 11, which the Court has screened pursuant to 28 U.S.C. § 1915A(a)-(b).

For the reasons that follow, Plaintiff's malicious prosecution claim will proceed to service. The amended complaint is otherwise dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

## DISCUSSION

### I.    Legal Standards

Under § 1915A, the Court must dismiss a complaint in a civil action if it determines at any time that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).  A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  In making such determinations, the Court may consider documents attached to the complaint or incorporated by reference. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

### II.    Analysis

#### A.  Municipal Liability

"It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). In general, "all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived . . . ." *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) (alteration, internal

quotation marks, and citation omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). But *pro se* litigants "may not fully understand the superseding effect of the second pleading . . . ." *Id.* Thus, in lieu of summary dismissal of omitted claims or defendants, courts should review *pro se* pleadings to determine the litigant's intent. *Id.* ("the question of abandonment is one of intent"); *see, e.g., Walker v. DOCCS*, No. 23-CV-6598-FPG, 2024 WL 2304870, at *3 (W.D.N.Y. May 21, 2024) (reinstating the plaintiff's original complaint where the amended complaint was unclear as to whether he had intended to abandon certain claims).

Here, the Court's initial screening order observed that Plaintiff had named the individual defendants in both their individual and official capacity. ECF No. 9 at 8. The Court apprised Plaintiff that Niagara County is the real party in interest for official capacity claims asserted against defendants employed by Niagara County law enforcement agencies and although he might be able to allege a claim against Niagara County, his claim failed because he did not plausibly allege: (1) the denial of a constitutional right or (2) that a policy or custom of the County caused his injury. *Id.* The Court set forth the required elements and allowed Plaintiff to replead. *Id.*

Plaintiff's amended complaint does not name the individual defendants in their official capacity, does not name Niagara County as a defendant, and his allegations do not suggest that his injuries were caused by an official policy or custom of Niagara County. Accordingly, any municipal liability claim is dismissed with prejudice as abandoned.

### B. False Arrest

Although Plaintiff has shown that his false arrest claim is not *Heck*-barred, ECF No. 11, this claim must be dismissed because it is untimely.

"New York's three year statute of limitations under N.Y. Civ. Prac. L. & R. 214(2) governs § 1983 actions brought in federal district court in New York." *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). Federal law determines the date a claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). A § 1983 claim for false arrest "begins to run" at the time of the alleged constitutional violation, namely when the "claimant becomes detained pursuant to legal process." *Id.* at 397. Federal courts apply the relevant State's rules for tolling the limitations period unless they are "inconsistent" with federal law. *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 486-87 (1980).

Plaintiff's false arrest claim accrued at the latest on August 26, 2019. *See* ECF No. 11 (County Court record showing 08/26/2019 arrest date).[2] Not accounting for tolling, Plaintiff's false arrest claim was due August 26, 2022. He filed his complaint in this action on October 8, 2024. ECF No. 1 at 6.[3] Although he filed his complaint more than two years after the statute of limitations expired, Plaintiff contends that his complaint was timely because the Governor tolled the statute of limitations during the COVID-19 pandemic.

On March 20, 2020, in response to the COVID-19 pandemic, then-Governor Cuomo issued Executive Order 202.8.[4] As extended by subsequent orders, Executive Order 202.8 "tolled New York's limitations periods from March 20 to November 3, 2020, a total of 228 days. Federal courts in New York have applied that tolling to [federal] claims." *Wik v. Village of Holley*, No. 22-CV-

---

[2] Plaintiff states that his false arrest claim arrest "occurred on August 14, 2019." ECF No. 10 at 3 ¶ 9.

[3] Plaintiff signed his complaint on October 8, 2024. ECF No. 1 at 6. The Court assumes that he gave it to prison officials for mailing on that date and, for the purpose of this screening order, accepts that date as the date of filing. *See generally Houston v. Lack*, 487 U.S. 266, 271-72 (1988) (describing the prisoner mailbox rule).

[4] *See* N.Y. Comp. R. & Regs. tit. 9, §§ 8.202.8, 8.202.67.

6414-DGL, 2023 WL 6958794, at *5 (W.D.N.Y. Oct. 20, 2023) (holding that the plaintiff had three years and 228 days from the date his federal claim accrued to file a claim, that is, "the three-year limitations period for § 1983 claims plus the 228 days during which that period was tolled pursuant to the Governor's Executive Order" (citing *Bell v. Saunders*, No. 20-cv-256, 2022 WL 2064872, at *5 n.6 (N.D.N.Y. June 8, 2022) ("[T]he statute of limitations [on the plaintiff's § 1983 claims], as tolled by Executive Orders, expired three years plus 228 days after the accrual date."))).

Adding 228 days to the statute of limitations deadline of August 26, 2022—Plaintiff's complaint was due April 11, 2023.  Because he did not file his complaint until October 8, 2024, his false arrest claim is untimely.  Consequently, the false arrest claim is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. *Griffin v. Carnes*, 72 F.4th 16, 19 (2d Cir. 2023) ("[T]he dismissal of a prisoner's action as time-barred, if based on the allegations in the complaint, [counts] as . . . a dismissal for failure to state a claim on which relief may be granted within the meaning of § 1915(g).").

### C. Access to Courts

Plaintiff's amended complaint asserts, for the first time, a First Amendment access to courts claim.  ECF No. 10 at 5 ¶ 14.  This claim is subject to dismissal as outside the permissible scope of amendment. *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."  (collecting cases)).

Even construing the newly added claim to be a motion for leave to amend, it would be denied as futile for being time-barred.  Plaintiff alleges that he was denied his "right to prepare a defense" when jail officials denied him access to the law library and legal supplies during his

pretrial incarceration, approximately August 14, 2019, until July 2020. ECF No. 10 at 3 ¶¶ 8-9; 5 ¶ 14. Generously applying a July 30, 2020 accrual date, the access to courts claim was due July 30, 2023. Adding COVID-19 tolling from March 20 to July 30, 2020, a total of 134 days, this claim was due December 11, 2023. Because he did not file his complaint until October 8, 2024, his access to courts claim is untimely. Consequently, the access to courts claim is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**D. Malicious Prosecution**

Although the Court did not construe the original complaint as asserting a malicious prosecution claim, it finds Plaintiff has plausibly alleged this claim in his amended complaint. A malicious prosecution claim accrues when the plaintiff "obtain[s] a *favorable termination* of the underlying criminal prosecution." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Id.* Niagara County Court dismissed the rape charges against Plaintiff on October 10, 2023. ECF No. 11 at 4. Plaintiff's allegations indicate that his malicious prosecution claim arose on that date. ECF No. 10 at 2-3. Thus, the claim does not appear to be *Heck*-barred and is timely.

A malicious prosecution claim, brought under New York state law or pursuant to § 1983, is plausibly alleged with facts showing: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Kee v. City of New York*, 12 F.4th 150, 161–62 (2d Cir. 2021) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000)). Probable cause is a "complete defense" to malicious prosecution.

6

*Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).   When examining a malicious

prosecution claim, probable cause continues unless "the groundless nature of the charges [is] made

apparent by the discovery of some intervening fact." *Lowth v. Town of Cheektowaga*, 82 F.3d 563,

571 (2d Cir. 1996), *as amended* (May 21, 1996).

Construing Plaintiff's papers liberally, and interpreting them "to raise the strongest

arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), Plaintiff

plausibly alleges that the proceedings against him terminated in his favor and that by the time the

criminal complaint was filed the probable cause that existed at the time of his arrest had been

nullified by information establishing his innocence, to wit: the prosecutor and others possessed

GPS data establishing Plaintiff's whereabouts during the alleged rape.   ECF No. 10 at 2, ¶¶ 2-3; 6,

¶¶20-21.   Accordingly, this claim will proceed to service[5] upon John Doe, Detective, Niagara

County Police Department; John Doe, Detective, Niagara County Police Department; and John

Doe, Sheriff, Niagara County.[6]

## CONCLUSION

The malicious prosecution claim will proceed to service.   The amended complaint is

otherwise dismissed as set for the above for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

---

[5] Dismissal upon a properly filed motion to dismiss or for summary judgment still may be appropriate notwithstanding this finding.  *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

[6] It may later come to light that other or additional individuals were personally involved in the conduct giving rise to this claim; for now, the claim will proceed against the currently named defendants.. *See Perez v. City of New York*, No. 20-CV-1359 (LJL), 2022 WL 4236338, at *9 (S.D.N.Y. Sept. 14, 2022) (discussing personal involvement requirements for a malicious prosecution claim) (collecting cases).

## ORDER

IT IS HEREBY ORDERED that Plaintiff's malicious prosecution claim shall proceed to service; and it is further

ORDERED that Plaintiff's amended complaint is otherwise dismissed as set forth above for failure to state a claim under 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that in light of Plaintiff's incarceration and pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), the Court requests that the Niagara County Attorney, or his designee, ascertain the identity and last known service addresses of defendants John Doe, Detective, Niagara County Police Department; John Doe, Detective, Niagara County Police Department; and John Doe, Sheriff, Niagara County (collectively, "the defendants"). The County Attorney need not undertake to defend or indemnify these individuals at this time. Rather, this order merely provides a means by which Plaintiff may properly serve the defendants, as instructed by the Second Circuit in *Valentin.*

The County Attorney shall produce the information specified above regarding the name and last known service address of the defendants by **June 30, 2025** either electronically in CM/ECF by selecting "*Valentin* Response" under "Discovery Documents" or by mail to the *Pro Se* Litigation Unit, United States District Court, 100 State Street, Rochester, New York 14614. Should the *Valentin* response return personally identifiable information such as a home address, that contact information shall be given to the Marshals Service solely for the purpose of effecting service; this information will otherwise remain confidential; and it is further

ORDERED that once the Court receives this information, the Clerk of Court shall update the docket sheet and cause the United States Marshals Service to serve the summons, amended

complaint (ECF No. 10), and this order upon the defendants, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), the defendants shall answer or otherwise respond to the malicious prosecution allegations in the amended complaint; and it is further

ORDERED that the Clerk of Court is directed to forward copies of this decision and order and Plaintiff's amended complaint and exhibits (ECF Nos. 10, 11) by email to Claude A. Joerg, Niagara County Attorney, Claude.Joerg@niagaracounty.com; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

IT IS SO ORDERED.

Dated:        Date June 5, 2025
              Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York